## WAILUKU SUGAR CO. *vs.* H. A. WIDEMANN *et al.*

### APPEAL FROM WATER COMMISSIONERS.    BEFORE JUDD, J.

### OCTOBER, 1876.

An award of Commissioners of Water Rights set aside, it appearing to be founded upon the idea that the land in question was a Lele of an Ahupuaa, and had the right to water from the Ahupuaa, which is not proved.

### DECISION OF JUDD, J.

This is an appeal by the respondents, proprietors of the Wailuku Sugar Plantation, from a decision of the Commissioners of Water Rights of the district of Wailuku, Island of Maui, rendered October 15th, 1875, which decision is as follows:

"That the lele formerly belonged to the father of Kaleo, and now the property of the Wailuku Sugar Company, and containing about six acres, is entitled to water from the Waiehu stream or ditch running on the south side of the Waiehu Valley, and that said piece or parcel of land shall be watered on the Wednesday of each and every week from said ditch, and as soon as the land is watered the water to be turned into the said stream or ditch for the use of others, and no other land belong-

ing to the said Wailuku Sugar Company shall be watered from said stream or ditch flowing from the Waiehu Valley."

This appeal was taken to the Supreme Court in banco, and owing to the First Associate Justice being one of the respondents, and the absence of the Chief Justice, it was agreed to submit the case to the final decision of the Second Associate Justice.

Further testimony was taken at Wailuku on this appeal on the 13th June, 1876, and the argument was had on the 22d July.

It was agreed at the argument that the plaintiffs purchased the land, the right to use water on which is the subject matter of this controversy, on the 19th July, 1864.

The respondents contend that the land in question is described as "kula" land in the award, and therefore took no water by the grant; and the plaintiffs contend that the decision of the Commissioners should be sustained because this land is a "lele" of the Ahupuaa of Waiehu, and therefore entitled to water. But the title itself, to wit, the Land Commission award, would show these facts, if they were true, but it is not in evidence; it is therefore impossible to consider the positions taken.

The testimony of the witnesses seems to me to prove quite clearly that this land was anciently watered from the Waiehu stream, as the water-lead and the kalo patch banks on it would indicate, but that it had not had water used on it for the purposes of irrigation for a period of over twenty years previous to its sale to the plaintiffs in 1864, and that the specific use and appropriation of the water on this land since this date has been less than twenty years.

But there is no testimony in this case as to whether, within the period (before 1864) while the right to use water on this land was not exercised, there has been an adverse enjoyment of this water by the respondents or other lower proprietors, in consequence of the non-user, against which it would be inequitable now to enforce the old easement.

In order, also, to settle satisfactorily whether the use of water for the purposes of irrigation is, in an arid climate, a natural want as distinguished from an artificial want (independent of an established prescription) it would depend a good deal upon the question as to whether the party claiming the use of the water for irrigation is a riparian proprietor; now the settlement of the question whether lands upon an ancient but artificial water-course have the incidents of riparian proprietorship would depend largely upon the fact whether such water-course was accustomed to flow uninterruptedly and with the regularity of the natural stream itself; of this there is no evidence.

After patient and anxious study of this case, I have come to the conclusion that the judgment of the Commissioners should be annulled, for it was evidently founded upon the idea that the land in question was a "lele of Waiehu," which, as indicated above, is not proved, and, until proved, the discussion as to whether a "lele" of an Ahupuaa lying outside of its boundaries is entitled to be watered from the Ahupuaa would be idle.

But in setting aside this award of the Commissioners, I do not say that the plaintiffs have no right to use water on this land, nor do I say that this right to water is shown to belong to respondents, or that, by the failure of the plaintiff to show title to it, it belongs to the respondents, for I am unable from want of sufficient testimony to say definitely what the rights of either plaintiffs or respondents are. I am at loss also to ascertain upon what principle the Commissioners based their award of the quantity of water which the plaintiffs might use on this land, to wit, on every Wednesday sufficient to water it—they not having before them as parties the other landowners using water from this watercourse, and there is no testimony as to the amount of water used by the respondents and other parties on their lands below from the same water-course.

The statute says that in settling such controversies the Commissioners shall give such a decision as may in each particular case appear to them to be just and equitable between the parties interested; such decision, however, must be based on evidence.

I consider that the Appellate Court has, under the statute constituting this Commission, the same powers.

My decision is that the award of the Commissioners be annulled; that the plaintiffs use the water on this land as they had been accustomed to use it at the time these proceedings were instituted, and without prejudice to the right of either party to bring a bill or such other proceedings as may be deemed advisable in order to determine the rights of the parties interested.

*A. S. Hartwell*, for plaintiffs.

*W. C. Jones*, for respondents.

Honolulu, October 30, 1876.